UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cr-10013-JES-JEH |
| ) | |
| TYLER R. DAVIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Tyler R. Davis' *pro se* Motion (Doc. 43) and Amended Motion (Doc. 45) for Compassionate Release, and the United States' Response (Doc. 47). For the reasons that follow, the Motions (Doc.43, 45) are DENIED.

### BACKGROUND

On April 10, 2019, Defendant was sentenced to 84 months of imprisonment for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). He is serving his sentence at FCI Gilmer in Glenville, West Virginia. In light of the ongoing COVID-19 pandemic, Defendant moves for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as the compassionate release statute. Alternatively, he asks that the Court recommend he be placed on home confinement as a condition of supervised release. The United States asks the Court to dismiss Defendant's Motion for failure to exhaust administrative remedies and opposes the request on the merits. Doc. 47, at 1.

**COVID-19 Background**

COVID-19 is a new "respiratory disease spreading from person to person." Situation Summary, Ctrs. for Disease Control and Prevention ("CDC"), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html#background (last

updated Apr. 19, 2020). The current global pandemic of COVID-19 "poses a serious public health risk." *Id.* "COVID-19 can cause mild to severe illness" with the "most severe illness occur[ing] in adults 65 years and older and people of any age with serious underlying medical problems." *Id.*

**Defendant's Health**

Defendant is 27 years old and suffers from asthma, which is managed by the use of an inhaler. Doc. 45, at 14. Defendant also had Lyme's disease and suffered two separate gunshot wounds, one to the head and another in the leg where the bullet remains. *Id.*

**COVID-19 in the Bureau of Prisons**

The CDC has recognized correctional facilities face unique challenges in controlling the spread of COVID-19. Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited May 12, 2020). For instance, because incarcerated "persons live, work, eat, study, and recreate within congregate environments," there is a heightened "potential for COVID-19 to spread once introduced." *Id.* Recognizing this, the Bureau of Prisons ("BOP") has modified operations in all facilities, by, for example, suspending social and legal visits, limiting internal movement of inmates, suspending staff travel, and screening staff and inmates. BOP Implementing Modified Operations, BOP, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 12, 2020).

Notwithstanding these efforts, inmates and staff at various BOP institutions have tested positive for COVID-19. At FCI Gilmer, Defendant's institution, there are currently five inmates who have tested positive for COVID-19 and zero staff members. *See* COVID-19 Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited May 13, 2020) (scroll down to the

COVID-19 Cases section, then click on "Full breakdown and additional details"). The numbers may be greater due to limited testing.

## LEGAL STANDARD

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

## DISCUSSION

Defendant contends he should be released pursuant to § 3582(c)(1)(A)(i) because his asthma and his race as an African American make him uniquely at risk during the COVID-19 pandemic. Doc. 45, at 13-14.

**Exhaustion**

Section 3582(c)(1)(A) contains an exhaustion requirement: before a defendant can bring his own motion, he must ask the warden of his facility to bring such a motion. If thirty days pass without a response, he can file a motion in court. *Id.* If, before that time, the BOP

declines to bring such a motion, he must fully exhaust all administrative appeals before filing a motion in court himself. *Id.*

Defendant asserts he requested a sentence modification from the BOP, and that, as of filing, he had received no response. Doc. 45, at 3. The United States asserts Defendant submitted his request to the Warden at FCI Gilmer on April 20, 2020, but instead of waiting for a response, Defendant mailed his *pro se* Motion to the Clerk of the Court for this District the following day. Doc. 47, at 4. On May 5, 2020, the Warden denied Defendant's request and advised Defendant of his appeal rights. *Id.* The United States argues the compassionate release statute's exhaustion requirement is mandatory and the Court cannot not waive it. *Id.* at 5.

Courts around the country are struggling with the issue of whether the exhaustion requirement is waivable. *Compare, e.g.*, *United States v. Perez*, No. 17 Cr. 513-3(AT), 2020 WL 1546422, at *2–3 (S.D.N.Y. Apr. 1, 2020) (finding that exhaustion requirement is waivable), *with, e.g.*, *United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053, at *1–2 (D. Kan. Apr. 22, 2020) (finding that the exhaustion requirement is jurisdictional and not waivable). The Court need not rule on this issue because even if it could waive the exhaustion requirement, it would deny the motion on the merits.

**Merits**

Defendant argues he has shown that extraordinary and compelling reasons warranting his release because there is a high risk of prisoners generally being infected with COVID-19 at BOP facilities and because Defendant stands a statistically higher chance of becoming ill or dying from COVID-19 because of his race, as well as his health conditions. D. 45, at 12-14. The United States argues that Defendant's race and asthma are not extraordinary and compelling and do not justify release. Doc. 47, at 20.

The compassionate release statute directs the Court to make three considerations: 1)

whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and 3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Court finds Defendant has not shown that compelling reasons warrant a sentence reduction in his case (and relatedly, that a reduction would not be consistent with the Sentencing Commission's policy statements) and that the § 3553(a) factors militate against reducing Defendant's sentence.

The Sentencing Guideline's policy statement defines what constitutes extraordinary and compelling reasons that warrant a sentence reduction. *See* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018).[1] Application notes explain the medical condition of the defendant (i.e., if he suffers from a terminal illness or a serious physical or medical condition that "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover"), his age  (i.e., if he is 65 and declining in health and has served a large portion of his sentence already), or his family circumstance (i.e., if the caregiver for his minor children dies or becomes incapacitated) can constitute extraordinary and compelling reasons warranting release. *Id.* § 1B1.13 cmt. n.1(A)–(C).

The Court does not seek to minimize the risks COVID-19 poses to inmates in the BOP. But the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release. Perhaps a prisoner could satisfy the extraordinary and compelling reasons requirement by showing his particular

---

[1] Previously § 3582(c)(1)(A) allowed only the BOP to bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 through Dec. 20, 2018). The Sentencing Commission has not updated its policy statement to reflect that a defendant can make his own motion for a sentencing reduction. Some courts have held that this means there is currently no policy statement with which sentencing reductions under § 3582(c)(1)(A) must be consistent. *See, e.g.*, *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020). Here, regardless of whether the policy statement applies, the Court does not believe Defendant has met his burden of showing extraordinary and compelling reasons to warrant a sentence reduction.

institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus. *See* U.S. Sentencing Guideline § 1B1.13 cmt. n.1 (providing that a serious physical condition that diminishes a defendant's ability to care for himself in the correctional environment and from which he is not expected to recover constitutes extraordinary and compelling reasons warranting relief).

Courts around the country have granted compassionate release where the defendant suffers from a serious condition that increases the likelihood of severe consequences from COVID-19. *See, e.g.*, *United States v. Coles*, No. 00-cr-20051, 2020 WL 1976296, at *7 (C.D. Ill. Apr. 24, 2020) (hypertension, prediabetes, prostate issues, bladder issues, and a dental infection); *United States v. Bess*, No. 16-cr-156, 2020 WL 1940809, at *8 (W.D.N.Y. Apr. 22, 2020) (congestive heart failure, coronary artery disease, diabetes, and hypertension); *United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (diabetes, hypertension, and obesity); *United States v. Williams*, No. 3:04cr95/MCR, 2020 WL 1751545, at *3 (N.D. Fla. Apr. 1, 2020) (coronary disease, peripheral vascular disease, congestive heart failure, end-stage renal disease, hyperlipidemia, and prediabetes); *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *2–3 (E.D. Wash. Mar. 31, 2020) (chronic obstructive pulmonary disease and significant emphysema). Courts have also granted compassionate release where the defendant is immunocompromised. *See, e.g.*, *United States v. Robinson*, No. 18-cr-00597-RS-1, 2020 WL 1982872, at *2 (N.D. Cal. Apr. 27, 2020) (defendant was taking immunosuppressants); *United States v. Edwards*, No. 6:17-cr-00003, 2020 WL 1650406, at *5 (W.D. Va. Apr. 2, 2020) (defendant was immunocompromised due to brain cancer, chemotherapy, and steroid prescription); *United States v. Campagna*, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27,

2020) (defendant suffered "from a compromised immune system with very low white blood cell counts" (quotation marks omitted)).

Here, Defendant has not met his burden to establish that extraordinary and compelling reasons justify his release from prison. The fact that there are currently only five inmates and zero staff who have tested positive for COVID-19 at FCI Gilmer does not suggest there is a serious outbreak at that institution or that Defendant is at a particularly high risk of becoming infected. Although asthma is a risk factor for COVID-19 complications, Defendant does not allege his condition is particularly severe or not controlled with medication. In fact, Defendant submits he uses an inhaler to manage his asthma symptoms. Doc 45, at 14.

Moreover, release would not be consistent with the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); and "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B).

As the Court found at Defendant's sentencing, Defendant's crime warranted a sentence above the sentencing guidelines because of the circumstances of the crime, in which Defendant used a firearm to endanger others, Defendant's history of instigating and promoting violence, and Defendant's lack of respect for others, including authority or the courts. Defendant was sentenced to the custody of BOP for 84 months and his projected release date is currently July 3, 2022. Shortening Defendant's sentence would not promote adequate respect for the law and would undermine the severity of his offense conduct. Accordingly, the Court denies Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the reasons set forth above, Defendant's Motions (Doc. 43, 45) for Compassionate Release are DENIED.

Signed on this 14th day of May, 2020.

s/James E. Shadid
James E. Shadid
United States District Judge
